# Delaney *v.* Penn Steel Casting and Machine Company, Appellant.

*Negligence—Master and servant—Safe place for employment—Evidence.*

In an action by a boy seventeen years old against a foundry company, his employer, to recover damages for personal injuries, the case is for the jury, and a judgment and verdict for plaintiff will be sustained, where the evidence tends to show that the plaintiff was injured before daylight on a Monday morning by a heavy door falling upon him; that on the previous Friday the door had become detached from its fastenings and had been temporarily placed in an upright position under the direction of the foreman, and with the approval of the president of the defendant company; that the position in which the door was left was dangerous, and it was liable to be toppled over by anyone attempting to open or close it; that the plaintiff was unaware of its condition, and in attempting to shut it caused the door to fall with the resulting injuries to himself.

Argued Nov. 22, 1905.   Appeal, No. 208, Oct. T., 1905, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1903, No. 253, on verdict for plaintiff in case of Louis Lawrence Delaney, by his next friend and father, John Delaney, and John Delaney in his own right v. The Penn Steel Casting and Machine Company.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SAVIDGE, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,053 for Louis Lawrence Delaney and $316.50 for John Delaney.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. B. Broomall,* with him *George M. Booth,* for appellant, cited: Clough v. Hoffman, 132 Pa. 626.

*J. B. Hannum,* for appellee, cited: Conley v. Lincoln Foundry Co., 14 Pa. Superior Ct. 626.

OPINION BY ORLADY, J., March 12, 1906:

All the witnesses agree in regard to the important facts in this case, and the defendant's liability depends upon the measure of care exercised by it in making the place where the plaintiff was working at the time the accident occurred, a reasonably safe one. The plaintiff, a boy aged seventeen years, was an employee in the molding department of the defendant's plant, and his duties required him to be at his work before daylight, to assort and arrange materials for the molders, who were expected to begin their work about six o'clock. He was working at the proper place and in a proper manner when he was severely injured by a heavy door falling upon him. This door was one of a pair, arranged to move on rollers, and was suspended on hangers from its top, weighing from 500 to 700 pounds.

On the Friday before the accident, the door, from some unexplained cause, became detached from its top fastenings and fell to the ground. The foreman of the department was immediately notified of its condition and said " We are going to have it fixed. " I'll have it attended to." Within a few minutes, several employees placed the door in an upright position, but so as to leave an opening of fifteen to eighteen inches at one side, and retained it there by placing against it a heavy wooden prop, guarded at the top by driving two large nails into the door above the brace, and heeling the other end into the ground by firming it with an iron pipe driven behind it. After it was thus adjusted, the president of the defendant company saw it and approved the arrangement. The plaintiff did not know of the condition of the door, and on Monday morning soon after he went to work, as he states it, "I felt a breeze going over me and I saw the door open, and I went to shut it; I saw something coming down and I ran." · There is no evidence to explain the removal of the prop or that it was in fact removed.

Soon after the accident five of the workmen, after about fifteen minutes of labor, lifted the door up and placed it on the hangers at the top in its designed combination. The only reason suggested for not doing this work on Friday was that the day's work was about finished, and the men did not want to do it on their own time. The work done about the door on Friday was, at best, but a temporary expedient and it was liable

to be toppled over by anyone attempting to open or close the door. It was not regarded as safe by the men who repaired it. While it was safe if untouched, they would not allow anyone to go through the opening, and still regarded it as " unfixed." The boys of the plaintiff's class began work about four o'clock, their only light being lamps and torches. The partly opened door was an invitation to use it, and all danger could have been obviated by securely closing the door, or, as was done on the Monday following, by simply lifting it to its proper position. There was nothing in the situation of the prop against the partly opened door in this dimly lighted room to warn the plaintiff of the danger, and whether it was negligent to leave it in that condition was purely a question of fact for the jury to determine. It was submitted to them in a clear and adequate charge.

The judgment is affirmed.